UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHARRON KIM,<br><br>    Plaintiff,<br><br>  v.<br><br>SUSHI CAFÉ, INC., et al.,<br><br>    Defendants. | Civil Action No. 22-5234 (CCC)<br><br>REPORT AND RECOMMENDATION |

**CLARK, Magistrate Judge**

  **THIS MATTER** comes before the Court on a motion by Plaintiff Sharron Kim ("Plaintiff") to dismiss the counterclaims asserted by Defendants Sushi Café, Inc., Youngjae Sun and Ho K. Sun (collectively "Defendants") for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). *See* Dkt. No. 10. Defendants oppose Plaintiff's motion. *See* Dkt. No. 12. For the reasons set forth below, it is respectfully recommended that Plaintiff's motion to dismiss [Dkt. No. 10] be **GRANTED**.

**I. BACKGROUND**

  According to the Complaint, Plaintiff was employed by Defendant Sushi Café, Inc., which is owned by Defendants Youngjae Sun and Ho K. Sun, from approximately December 2005 to August 2022. Dkt. No. 1, Complaint at ¶¶ 6, 10. Plaintiff's Complaint alleges that she and other employees were not properly compensated by Defendants in violation of the Fair Labor Standards Act (the "FLSA") and the New Jersey Wage and Hour Law (the "NJWHL"). *See* Complaint. Plaintiff also asserts claims for conversion and unjust enrichment arising from Defendants' purported failure to pay her compensation to which she claims she was entitled. *See id.*

In response, Defendants assert counterclaims against Plaintiff for tortious interference and a violation of the covenant of good faith and fair dealing. *See* Dkt. No. 5, Answer and Counterclaim. Defendants' counterclaims allege that Plaintiff displayed unprofessional behavior during her employment and "caused severe disruption, disgrace and damage to Defendants' business. . . ." Counterclaim at ¶ 3. According to Defendants, Plaintiff's actions towards Defendants' customers were "so outrageous and disreputable that they caused tens if not hundreds of negative reviews [of Defendants' business] to be published . . . ." *Id.* at ¶ 4. Defendants claim that Plaintiff "deliberately engaged in this pattern of behavior with intentional malice in an effort to exact harm and revenge upon the Defendants by damaging their business in retaliation for perceived slights and personal grievances that had nothing to do with Defendants." *Id.* at ¶ 8. In response to Defendants' counterclaims, Plaintiff filed a motion to dismiss for lack of subject matter jurisdiction which is now pending before the Court. *See* Dkt. No. 10.

## II.     DISCUSSION

This motion to dismiss for lack of subject matter jurisdiction is governed by Federal Rule of Civil Procedure 12(b)(1). Plaintiff challenges subject matter jurisdiction based on the face of the pleading, meaning that based on the claims pled and parties named, Defendants fail to establish that this Court has subject matter jurisdiction over their counterclaims. *Turicentro, S.A. v. American Airlines, Inc.,* 303 F.3d 293, 300 n. 4 (3d Cir. 2002). As such, the Court must consider whether the factual allegations of Defendants' pleading, taken as true, are sufficient to invoke jurisdiction. *Id.* at 300. Defendants bear the burden of persuasion to show subject matter jurisdiction exists. *See Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1409 (3d Cir. 1991).

In her motion, Plaintiff argues that Defendants' counterclaims are permissive, requiring this Court to have an independent basis of federal jurisdiction over them, which is lacking. Rule

13 establishes two kinds of counterclaims: compulsory and permissive. Fed. R. Civ. P. 13. A counterclaim is compulsory if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a)(1)(A). A compulsory counterclaim does not require an independent jurisdictional basis to be brought in federal court, even when it is purely a state law claim. *Ambromovage v. United Mine Workers of Am.,* 726 F.2d 972, 988 (3d Cir. 1984). A permissive counterclaim, on the other hand, requires a basis of federal jurisdiction independent of the opposing party's claim. *Aldens, Inc. v. Packel,* 524 F.2d 38, 52 (3d Cir. 1975). A permissive counterclaim is broadly defined to include "any claim that is not compulsory." Fed. R. Civ. P. 13(b).

Defendants, in opposition to Plaintiff's motion, contend that their counterclaims are compulsory because they "arise from the same common facts and employment history between the parties" and because all claims at issue in this matter "are based on grievances which are specific to the parties' employment relationship." Dkt. No. 12 at p. 5.

Plaintiff's claims in this matter arise from Plaintiff's allegation that Defendants failed to pay her proper compensation. Defendants' counterclaims arise from Plaintiff's allegedly inappropriate behavior towards Defendants' customers. Thus, because Defendants' counterclaims arose from Plaintiff's purported behavior during the course of her employment and "not from Defendants' failure to pay [her], which was the underlying factual transaction giving rise to [Plaintiff's] cause of action . . . Defendants' counterclaims are permissive." *Chen v. Century Buffet & Rest.*, No. CIV.A. 09-1687 SRC, 2011 WL 2600715, at *2 (D.N.J. June 29, 2011) (granting motion to dismiss the defendants' counterclaim in action where the plaintiffs asserted claims under the FLSA and NJWHL and the defendants' counterclaims asserted violations of state law arising

3

from the plaintiffs "weekly protests and dissemination of allegedly harmful fliers" outside of the defendants' restaurant).

Accordingly, because the Court finds that Defendants' counterclaims are permissive, and because Defendants do not argue any independent basis of jurisdiction over them as required for non-compulsory counterclaims,[1] it is respectfully recommended that Plaintiff's motion to dismiss Defendants' counterclaims [Dkt. No. 10] be GRANTED.

### III.   CONCLUSION AND ORDER

In light of the foregoing, and the Court having considered this matter pursuant to Federal Rule of Civil Procedure 78;

**IT IS** on this 6th day of July, 2023,

**RECOMMENDED** that Plaintiff's motion to dismiss Defendants' counterclaims [Dkt. No. 10] be **GRANTED**; and it is further

**ORDERED** that pursuant to L. Civ. R. 72.1 and Fed. R. Civ. P. 72, objections to this Report and Recommendation shall be filed within fourteen (14) days after service hereof. Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

  s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**

---

[1] Although Defendants do not argue the existence of an independent basis of jurisdiction over their counterclaims, the Court notes that Defendants assert only state law claims, precluding jurisdiction pursuant to 28 U.S.C. § 1331, and that, according to the Complaint, and undisputed by Defendants, Plaintiff and Defendants are citizens of New Jersey, rendering subject matter jurisdiction under 28 U.S.C. § 1332(a), which confers subject matter jurisdiction over suits in which the parties are citizens of different states and the amount in controversy exceeds $75,000, inapplicable.