NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHARRON KIM, <br><br> Plaintiff, <br><br> v. <br><br> SUSHI CAFÉ, INC., *et al.*, <br><br> Defendants. | Civil Action No.: 22-cv-05234 (CCC) <br><br> **O R D E R** |

**CECCHI, District Judge**

This matter comes before the Court on Plaintiff Sharron Kim's ("Plaintiff") motion to dismiss counterclaims asserted by Defendants Sushi Café, Inc. ("Sushi Café"), Youngjae Sun, and Ho K. Sun (collectively, "Defendants"). ECF Nos. 10, 11. Defendants filed an opposition. ECF No. 12. On July 6, 2023, Magistrate Judge James B. Clark issued a Report and Recommendation ("R&R") that the Court dismiss Defendants' counterclaims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). ECF No. 22. Defendant timely objected to the R&R. ECF No. 23.

This case arises out of Plaintiff's allegations that Defendants engaged in a pattern and practice of failing to pay Sushi Café employees, including Plaintiff, minimum wage and overtime as required, and improperly retained Plaintiff's tips. *See generally* ECF No. 1. On August 25, 2022, Plaintiff filed a complaint against Defendants for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, New Jersey Wage and Hour Law ("NJWHL"), New Jersey Wage Payment Law ("NJWPL"), and common law conversion and unjust enrichment. *Id*. On September 22, 2022, Defendants filed an answer which included counterclaims for tortious

1

interference and violation of the covenant of good faith and fair dealing. ECF No. 5. Defendants contend that Plaintiff was "consistently unprofessional" in her seventeen years employed at Sushi Café and "caused severe disruption, disgrace and damage" to the business. *Id.* Defendants assert that Plaintiff's behavior was "an effort to exact harm and revenge upon the Defendants by damaging their business in retaliation for perceived sleights [sic] and personal grievances." *Id.* Plaintiff moved to dismiss Defendants' counterclaim for lack of subject matter jurisdiction contending that the claims are permissive, rather than compulsory, and thus require an independent basis for subject matter jurisdiction, which is lacking. ECF Nos. 10, 11.

Review of the R&R, as well as objections to it, are governed by Local Civil Rule 72.1, which provides that the Court "shall make a *de novo* determination of those portions [of the report and recommendation] to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." L. Civ. R. 72.1(c)(2); *see also* Federal Rule of Civil Procedure 72(b)(3). The Court has reviewed the record in this matter and determines that Defendants' counterclaims should be dismissed.

A compulsory counterclaim is a claim that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" and "does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a)(1)(A), (B). "In deciding whether a counterclaim is compulsory under Rule 13, courts ask, 'whether the counterclaim bears logical relationship to an opposing party's claim.'" *ASAPP Healthcare, Inc. v. Serrano*, No. CV 18-4012, 2020 WL 7138014, at *10 (D.N.J. Dec. 7, 2020) (quoting *Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc.*, 292 F.3d 384, 389 (3d Cir. 2002)). "The [Third] Circuit has further explained: 'a counterclaim is logically related to the opposing party's claim when separate trials on each of their respective claims would involve a substantial duplication of effort

and time by the parties and the courts.'"  *Id.* (quoting *Great Lakes Rubber Corp. v. Herbert Cooper Co.*, 286 F.2d 631, 634 (3d Cir. 1961)).  A permissive counterclaim, on the other hand, is "any claim that is not compulsory."  Fed. R. Civ. P. 13(b).  Unlike compulsory counterclaims, permissive counterclaims require an independent basis for federal jurisdiction.  *Pro Custom Solar, LLC v. Castillo*, No. CV1912469SDWSCM, 2020 WL 13816457, at *1 (D.N.J. July 6, 2020) (citing *Aldens, Inc. v. Packel*, 524 F.2d 38, 52 (3d Cir. 1975)).

Here, Defendants object to Judge Clark's conclusion that their counterclaims are considered permissive, rather than compulsory.  ECF No. 23.  Defendants contend that their "claims arise from the same employment relationship which is the subject of the Plaintiff's complaint" and are therefore compulsory as they satisfy the "broad 'logical relationship' test applied by the [T]hird [C]ircuit."  *Id.*  The Court, however, finds that this is not a circumstance where counterclaims "involve the same factual issues, the same factual and legal issues, or are offshoots of the same basic controversy between the parties" as to render them compulsory.  *Transamerica*, 292 F.3d at 390.  Rather, "[Plaintiff's] claims and proposed counterclaims raise distinct issues of fact and law."  *Korrow v. Aaron's Inc.*, No. CV 10-6317, 2015 WL 7720491, at *6 (D.N.J. Nov. 30, 2015).  Therefore, dismissal of Defendants' counterclaims would not result in "a substantial duplication of effort and time by the parties and the courts."  *Transamerica*, 292 F.3d at 390 (citation omitted).

*Chen v. Century Buffet & Restaurant* is instructive.  No. CIV.A. 09-1687 SRC, 2011 WL 2600715 (D.N.J. June 29, 2011).  There, in response to restaurant employees' claims regarding failure to pay minimum and overtime wages, and improper withholding of tips, the defendant employers asserted various state law counterclaims, including breach of the duty of loyalty and tortious interference.  *Id.* at *1.  The counterclaims arose from the employees' alleged protests

and dissemination of fliers outside the restaurant containing purportedly false information about the business. *Id.* The court determined that the counterclaims were permissive as "it [wa]s clear that the Defendants' counterclaims arose from Plaintiffs' protests and defamatory statements and not from Defendants' failure to pay them, which was the underlying factual transaction giving rise to the Plaintiffs' cause of action." *Id.* at 2.

Similarly, here, the legal theories asserted in Plaintiff's complaint (violations of wage and hour laws, common law conversion and unjust enrichment) do not overlap with those set forth in Defendants' counterclaims (tortious interference and breach of the covenant of good faith and fair dealing). Likewise, the underlying facts relevant to the parties' opposing claims are discrete: Plaintiff's claims rest on issues of hours worked, wages paid, and the handling of her tips. Those facts differ in nature from the propriety of Plaintiff's conduct on the job at Sushi Café, the inquiry that would be necessary to substantiate Defendants' claims.

Indeed, as Judge Clark noted, and contrary to Defendants' argument, the mere fact that Plaintiff's and Defendants' claims all relate in some way to Plaintiff's employment does not itself render Defendants' claims compulsory. Other courts in this District have reached the same conclusion. For example, the court in *Yang v. Taiji Oriental Spa NJ Corp.* explained:

> It is true that in the context of FLSA and NJWHL cases, a counterclaim is not compulsory simply because it arises out of the employer-employee relationship . . . . For that reason, courts have declined to find counterclaims asserted by a defendant in FLSA and NJWHL case[s] to be compulsory when the counterclaim is based on activities other than the payment of a plaintiff's wages. For example, other courts in this District have found that claims related to a failure to reimburse a loan, resolution of employee debts, or for defamation unrelated to the payment of wages are permissive not compulsory counterclaims.

No. CV221617EPJSA, 2023 WL 425850, at *6 (D.N.J. Jan. 9, 2023), *report and recommendation adopted,* No. CV221617EPJSA, 2023 WL 424348 (D.N.J. Jan. 26, 2023) (internal citations omitted).

4

Finally, Defendants neither assert federal claims to invoke federal question jurisdiction under 28 U.S.C. § 1331 nor do they contend that the parties are completely diverse and the amount in controversy exceeds $75,000 to satisfy diversity jurisdiction under 28 U.S.C. § 1332. Therefore, because Defendants fail to state a basis for the Court's independent subject matter jurisdiction over its proposed permissive counterclaims, Plaintiff's motion to dismiss must be granted.

Accordingly, **IT IS** on this 26th day of July, 2023,

**ORDERED** that this Court adopts Judge Clark's July 6, 2023, Report and Recommendation (ECF No. 22) granting Plaintiff's motion to dismiss Plaintiff's counterclaims (ECF No. 10).

**SO ORDERED.**

*/s/Claire C. Cecchi*
**HON. CLAIRE C. CECCHI**
**United States District Judge**